

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters, Executive Director
State Department of Public Welfare
Austin    3,    Texas

Dear Mr. Winters:                    Opinion No. O-6594

Re:    Destruction of certain records
held by the Department of Pub-
lic Welfare concerning Federal
matters.

You request an opinion from this Department concerning
the above subject matter, as follows:

"We shall appreciate your consideration and
opinion of the following:   Section 7 of House
Bill 611, Acts of the 47th Legislature, Regular
Session, known as the Public Welfare Act of 1941,
designated the State Department of Public Welfare
as the State Agency to cooperate with the Federal
Government in the proper administration and dis-
tribution of Federal surplus commodities and any
other Federal resources on hand and available for
distribution.   The State Department of Public Wel-
fare was also designated as the State Agency to
administer or supervise referrals and certifica-
tions to the Works Projects Administration, the
National Youth Administration, and the Civilian
Conservation Corps.

"Pursuant to these provisions, the Department
of Public Welfare accepted responsibility for the
general supervision of the direct distribution of
Federal surplus commodities.   Under the Intake and
Certification program, the eligible applicants
were certified for surplus commodities.   The cop-
ies of the orders to individuals, reports of dis-
tribution, and all other necessary records were
kept in the possession of the Department of Pub-
lic Welfare.   Although the employees working on
the distribution program were under a W.P.A.
project and were Federal employees, the Depart-
ment had general supervision over the program.

Honorable John H. Winters-page 2

The commodities, which were distributed, were
Federal; and the records were considered by the
Department as being Federal records. There are
at the present time more than 500 files contain-
ing these records stored in the County Depart-
ment of Public Welfare offices and warehouses.

"We have received a letter from the U. S. De-
partment of Agriculture, Food Distribution Adminis-
tration, informing us that the Washington office
of the Department of Agriculture has given per-
mission for the welfare agencies to dispose of
any records in connection with the direct distri-
bution program relating to operations prior to 1940.
The Department of Agriculture further advised that
the records maintained commencing with 1940 cannot
be disposed of without special permission but that
consideration would be given to any request for the
destruction of the records subsequent to 1940.

"Senate Bill 250, Acts of the 48th Legislature,
Regular Session, gives the Department of Public Wel-
fare permission to dispose of certain obsolete rec-
ords. Reference is also made to your Opinion Number
O-3464 and O-5467 wherein you have interpreted Sen-
ate Bill 250.

"1. Since these records are of no benefit to the
Department of Public Welfare and since the Federal
Government has authorized the destruction of them,
may the Department of Public Welfare destroy these
obsolete records?

"2. If you answer the first question in the af-
firmative, then is the Department of Public Welfare
obligated to follow the procedure outlined in Sen-
ate Bill 250 cited above in destroying the records?

"3. If Senate Bill 250 is considered inapplicable
in this instance, then what procedure should be fol-
lowed by the Department of Public Welfare in destroy-
ing the records?

"4. If the Department cannot dispose of the
records, may the Department transfer the records
to the U. S. Department of Agriculture, Food Dis-
tribution and Administration, for disposal?"

Honorable John H. Winters - page 3

We construe your inquiries as embracing all obsolete and useless records in your Department, and shall answer them accordingly.

1. Your only authority for destroying obsolete records is found in Senate Bill 250 of the Regular Session of the 48th Legislature (page 353). That Act embraces only "certain records for the years 1932 to September 1, 1939", and "all duplicate old-age assistance records accumulated for the year 1936 through October, 1938."

So that, under the facts stated by you, all obsolete and useless records coming within Senate Bill No. 250 may be destroyed. While such records as you may deem to be obsolete and useless but not coming within that Act of authority to destroy may not be destroyed, but should be preserved intact.

2. Since Senate Bill 250 prescribes the procedure for destroying the obsolete records embraced therein, it is your duty to follow that procedure in making such disposition.

3. What we have said in answer to questions 1 and 2 sufficiently answers No. 3.

4. Your question No. 4 should be answered in the negative — that is to say, obsolete and useless records authorized by Senate Bill 250 to be destroyed should be destroyed in accordance with that Bill, as above stated, and as to those records which are thought to be obsolete and useless, but which do not fall within the compass of Senate Bill 250, may not be transferred to the U. S. Department of Agriculture, Food Production and Administration, for that would be doing by indirection what we have said may not be done at all.

We trust that what we have said sufficiently answers your inquiries.

APPROVED   SEP 12 1945

*signature*

ATTORNEY GENERAL OF TEXAS

COMMITTEE

BY *signature*
CHAIRMAN

OS-NR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *signature*

Ocie Speer
Assistant